González, Demandante y Apelante, *v.* Ponce Railway & Light Co., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 2185.—Resuelto en junio 17, 1920.

Prueba Contradictoria—Negligencia—"Last Clear Chance."—La teoría conocida por *"the last clear chance,"* o sea quien tuvo la última oportunidad de evitar el accidente, no es aplicable a un caso como el presente en que según la apreciación de las pruebas hecha por la corte inferior, la que no aparece haber procedido con pasión, prejuicio o manifiesto error al dirimir el conflicto de la evidencia, no fué el motorista del carro eléctrico en que viajaba el apelante al recibir el daño, sino el conductor del *truck* quien tuvo la última oportunidad de evitar el choque que ocasionó el daño.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. H. y L. Tormes.*

Abogado de la apelada: *Sr. J. Tous Soto.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente caso se originó en la Corte de Distrito de Ponce mediante demanda que el demandante José Braulio González interpuso contra la demandada "Ponce Railway & Light Company," en reclamación de $5,000 por daños y perjuicios que le fueron causados con motivo del choque habido entre un carro eléctrico de la demandada y un *truck* de carga, recibiendo el demandante un fuerte golpe que según alega lo ha dejado inútil del brazo izquierdo.

Alega el demandante que el carro eléctrico de la demandada, del cual era pasajero, y el *truck* de carga, el día 4 de octubre de 1918, iban en la misma dirección desde la ciudad de Ponce hacia la Playa y por no haber detenido o reducido el motorista la marcha del carro que guiaba, teniendo como tuvo oportunidad para hacerlo, ocurrió el choque entre ambos vehículos, recibiendo el demandante un fuerte golpe en el brazo izquierdo que lo ha dejado inútil de dicho brazo, sin haber mediado culpa o negligencia alguna por su parte.

La demandada al contestar la demanda entre otras alegaciones hizo la de que el accidente se debió única y exclusiva-

mente a la negligencia del conductor del *truck* que marchaba muy próximo a la vía sin necesidad alguna y que al darle señal con la campana el motorista para que dejara la vía franca, se retiró, introduciendo en la retirada la parte posterior del *truck* dentro del radio de acción del carro eléctrico y chocando con el flanco izquierdo de éste, sin que le fuera posible al motorista evitar el choque por más que caminaba a pequeña velocidad.

Celebrado el juicio, en el que declararon los testigos de ambas partes, la corte dictó sentencia en 16 de diciembre de 1919 declarando sin lugar la demanda sin especial condenación de costas, y de esa sentencia apeló el demandante.

En la opinión que sirve de fundamento a dicha sentencia encontramos las siguientes conclusiones de hecho:

"La corte, después de haber apreciado debidamente toda la evidencia presentada en el caso con un criterio racional y con el mejor deseo de hacer justicia, declara haberse probado satisfactoriamente que el choque ocurrido no fué debido a la negligencia de la demandada, Ponce Railway and Light Company ni de sus agentes o empleados, sino que dicho choque tuvo como causa inmediata y determinante la negligencia del conductor del *truck*. Aparece claramente de la prueba que ambos vehículos iban en la misma dirección; que el *truck* corría paralelamente a la vía del trolley mediando poco espacio entre uno y otro carro, y que al desviar el *truck* para alejarse del carro eléctrico, al apartar su cabeza de la vía, introdujo su cola en la vía del trolley, dando con ello lugar al accidente que motiva este pleito."

La parte apelante alega como motivos del recurso que la corte cometió error al declarar que el accidente que motiva el pleito se debió a la negligencia del conductor del *truck* que caminaba paralelamente a la vía del trolley, y que también cometió error en la apreciación de la prueba al declarar como declaró sin lugar la demanda.

Para sostener el primer error se acoge el apelante a la teoría conocida en inglés por *the last clear chance,* o sea, quién tuvo la última oportunidad de evitar el accidente; pero sin gran esfuerzo de inteligencia fácilmente se comprende

que esa teoría no es aplicable a la demandada, pues no fué el motorista del carro eléctrico de la demandada sino el conductor del *truck* de carga quien tuvo la oportunidad de evitar el accidente, según apreciación de las pruebas hecha por la corte sentenciadora. El choque reconoció por causa el desvío del *truck* de carga por su conductor en las condiciones en que lo verificó, invadiendo el radio de acción del carro eléctrico y chocando con éste.

Hemos examinado las pruebas aportadas al juicio por ambas partes, y cualquier conflicto que en ellas pudiera haber ha sido resuelto en favor de la demandada, sin que se nos haya demostrado que el juez actuara con pasión, prejuicio, parcialidad o manifiesto error.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.